UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALMEDA TERRY,<br><br>                Plaintiff,<br><br>       v.<br><br>SCHINDLER ELEVATOR CORPORATION,<br><br>                Defendant. | Civil Action No. _____<br><br>NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(a) |

**PLEASE TAKE NOTICE** that Defendant, Schindler Elevator Corporation ("Defendant"), by and through its attorneys, O'Toole Scrivo, LLC, hereby removes the above-captioned action pending in the Supreme Court of the State of New York, County of New York (Index No. 166685/2025) (the "State Court Action"), to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and in accordance with Local Civil Rule 81.1. In support of this Notice of Removal, Defendant states the following:

**I.      Relevant Background and the Timeliness of Removal**

1.      On December 29, 2025, Plaintiff, Almeda Terry ("Plaintiff") filed a Summons and Complaint for judgment against Defendant in the Supreme Court of New York, County of New York, under Index No. 166685/2025 (the "Complaint"). In brief summary, Plaintiff alleges that Defendant was negligent in the maintenance of an elevator resulting in Plaintiff falling on said elevator and suffering injuries.

2.      The Complaint assert a claim against Defendant for personal injuries set forth therein.

3.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**, and a true and correct copy of the Notice of Service is attached

hereto as **Exhibit B**. No other pleadings have been filed, and no court orders have been issued in the State Court Action.

4.      On January 7, 2026, Plaintiff served the Complaint and accompanying Summons on Defendant. *See* Notice of Service, **Ex. B**.

5.      This Notice is being filed in the United States District Court for the Southern District of New York, the district in which the case is pending.

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days after receipt of the Summons and Complaint.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Clerk of Supreme Court of the State of New York, County of New York, and will serve Plaintiff with a copy of same promptly after the filing thereof.

**II.    Diversity of Citizenship Jurisdiction Under U.S.C. §§ 1332, 1441(a)**

8.      The federal diversity jurisdiction statute, 28 U.S.C. § 1332, confers subject matter jurisdiction upon district courts in cases where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      This Court has original jurisdiction over the State Court Action for purposes of 28 U.S.C. § 1441 because the amount in controversy is greater than $75,000 and the matter is between citizens of different states.

10.     Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. This action is properly removed to this Court because this Court has jurisdiction over the action and is the United States District Court that embraces the County of New York, where the action is pending. *See* 28 U.S.C. §§ 112(b), 1441(a).

12. Defendant is the sole non-fictitious defendant in the State Court Action, and there are no other defendants who are required to join in or consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

A. **The Parties Are Citizens of Different States**

13. For purposes of assessing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. Defendant is incorporated under the laws of the State of Delaware, with its principal place of business located at 20 Whippany Road, in Morristown, New Jersey 07960. Therefore, Defendant is a citizen of Delaware and New Jersey.

15. Plaintiff is an individual who is a resident, and, therefore, citizen, of the State of New York.

16. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

B. **The Amount in Controversy Exceeds $75,000**

17. The amount in controversy exceeds $75,000 as Plaintiff alleges that as a result of Defendant's alleged negligence, she sustained serious, severe and protracted personal injuries to her person including, but not limited to, her left shoulder, right knee, head, face, teeth and body; that she suffered great physical pain and suffering, shock and mental anguish; that she was rendered sick, sore, lame and disable, and upon information and belief, continues to be.

18. Accordingly, the amount in controversy in the State Court Action exceeds $75,000 and the diversity requirements of 28 U.S.C. § 1332 are satisfied. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332.

### III. Reservation of Rights and Defenses

19. As of the filing of this Notice of Removal, no further proceedings occurred in the State Court Action.

20. By filing this Notice of Removal, Defendant does not waive, and specifically reserves, all rights and defenses that may be available to it.

Dated: January 21, 2026

**O'TOOLE SCRIVO, LLC**

By: *Dennise Mejia*
Dennise Mejia, Esq.
14 Village Park Road
Cedar Grove, New Jersey 07009
(973) 239-5700
dchaise@oslaw.com

535 Fifth Avenue, Fourth Floor
New York, NY 10017

*Attorneys for Defendant,
Schindler Elevator Corporation*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
ALMEDA TERRY

                         Plaintiff/Petitioner,

    - against -                                  Index No. 166685/2025
SCHINDLER ELEVATOR CORPORATION

                        Defendant/Respondent.
-----------------------------------------------------------x

# NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

      - serving and filing your documents electronically

      - free access to view and print your e-filed documents

      - limiting your number of trips to the courthouse

      - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 12/29/2025

ADAM D. CANH, ESQ.
Name
SAKKAS, CAHN & WEISS, LLP

Firm Name

110 EAST 42ND STREET, SUITE 1508
Address

NEW YORK, NY 10017

212-571-7171
Phone

_____
E-Mail

To: _____

_____

_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X  Index #:
                                                          Date Filed:

ALMEDA TERRY,
                                                    Plaintiff designates **NEW YORK**
                           Plaintiff,                  **COUNTY** as the place of trial

        -against-                                          Basis of the venue is:
                                                      **Location of Accident**

SCHINDLER ELEVATOR CORPORATION,          <u>**S U M M O N S**</u>

                              Defendant.
-----------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANT:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          December 29, 2025

                                            SAKKAS, CAHN & WEISS, LLP

                                            ADAM D. CAHN, ESQ.
                                            *Attorneys for Plaintiffs*
                                            110 East 42nd Street, Suite 1508
                                            New York, New York 10017
                                            (212) 571-7171

<u>**Defendants' addresses**</u>:
SCHINDLER ELEVATOR CORPORATION
C/o CT Corporation System
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ALMEDA TERRY,

                       Plaintiff,

      -against-

SCHINDLER ELEVATOR CORPORATION,

                       Defendant.
-----------------------------------------------------------------X

**Index #:**

**VERIFIED COMPLAINT**

      Plaintiff, ALMEDA TERRY, complaining of the defendant, by her attorneys SAKKAS, CAHN & WEISS, LLP, as and for her Verified Complaint, sets forth and alleges upon information and belief as follows:

      1.    That at all times hereinafter mentioned, the plaintiff, ALMEDA TERRY ("Plaintiff") resided in the County, City and State of New York.

      2.    That at all times hereinafter mentioned, the defendant, SCHINDLER ELEVATOR CORPORATION (the "Defendant") was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

      3.    That at all times hereinafter mentioned, the Defendant maintained its principal place of business at 20 Whippany Road, Morristown, New Jersey.

      4.    That at all times hereinafter mentioned, the Defendant had property located in the State of New York

      5.    That at all times hereinafter mentioned, the Defendant was an entity duly authorized to conduct business in the State of New York, with property located in the State of New York.

      6.    That at all times hereinafter mentioned, the Defendant regularly transacted business in the State of New York, by virtue of the laws of the State of New York, including but not limited

to the manufacture, installation, maintenance and repair of passenger and freight elevators.

7. That at all times hereinafter mentioned the Defendant, its agents, servants, employees and/or subcontractors, manufactured a pair of freight elevators, which are located at 2280 5th Avenue, New York, New York, a branch of the United States Post Office (the "Premises").

8. That at all times hereinafter mentioned the Defendant, its agents, servants, employees, and/or subcontractors did install these elevators at the Premises.

9. That at all times hereinafter mentioned, the Defendant was contracted as the elevator maintenance company to service the elevators at the Premises.

10. That at all times hereinafter mentioned, the defendant owned these elevators, their appurtenances, and fixtures at the Premises.

11. That at all times hereinafter mentioned, the Defendant, its agents, servants, employees, and/or subcontractors operated these elevators, their appurtenances, and fixtures at the Premises.

12. That at all times hereinafter mentioned, the Defendant, its agents, servants, employees, and/or subcontractors maintained these elevators, their appurtenances, and fixtures at the Premises.

13. That at all times hereinafter mentioned, the defendant, its agents, servants, employees, and/or subcontractors, managed these elevators, their appurtenances, and fixtures at the Premises.

14. That at all times hereinafter mentioned, the Defendant, its agents, servants, employees, and/or subcontractors controlled these elevators, their appurtenances, and fixtures at the Premises.

15. That at all times hereinafter mentioned, the Defendant, its agents, servants, employees, and/or subcontractors, supervised these elevators, their appurtenances, and fixtures at the Premises.

16. That at all times hereinafter mentioned, the Defendant, its agents, servants, employees, and/or subcontractors, inspected these elevators, their appurtenances, and fixtures at the Premises.

17. That at all times hereinafter mentioned, the Defendant, its agents, servants, employees, and/or subcontractors, repaired these elevators, their appurtenances, and fixtures at the Premises.

18. At all times hereinafter mentioned, the Defendant, its agents, servants, employees or subcontractors, had a duty to operate, maintain, manage control, supervise, inspect, repair and keep the aforementioned elevators located at Premises in a state of good repair and safety, so that same would not constitute a dangerous and/or hazardous condition to persons lawfully thereat, including this plaintiff.

19. That at all times hereinafter mentioned, the Defendant, its agents, servants, employees or subcontractors, made repairs to the elevators located at the Premises.

20. That on October 16, 2024 the Plaintiff, a postal employee, was lawfully on the Premises.

21. That on October 16, 2024, while Plaintiff was lawfully at the aforesaid subject Premises, and entering freight elevator #2 on the first floor, she was caused to fall when the elevator platform arrived at a mis-leveled height and not flush with the building floor.

22. That the aforementioned occurrence was caused solely and wholly through and by reason of the defendant's negligence by their servants, agents, employees and subcontractors, in

the ownership, operation, management, supervision, maintenance, inspection, repair and control of the aforesaid subject freight elevators, its fixtures and appurtenances; in permitting said elevator to become defective, dangerous and hazardous; in that the equipment in the elevator was deficient; in that said equipment was outdated; in that timely inspections of the elevator were not performed; in that prior complaints had not been timely addressed; in that said elevator was not removed from service with its known dangerous conditions; in that the elevator was old and dilapidated and should have been replaced at a time prior to the accident; in that the elevator didn't conform with industry codes and standards; in that the defendant had actual and/or constructive notice of said defect and condition; in failing to warn the plaintiff or the general public about the aforementioned defect and condition, in affirmatively creating said defect and condition; in that defendants were otherwise negligent herein.

23.    By reason of the aforesaid, the Plaintiff sustained serious, severe and protracted personal injuries to her person including, but not limited, to her left shoulder, right knee, head, face, teeth and body; that she suffered great physical pain and suffering, shock and mental anguish; that she was rendered sick, sore, lame and disable, and upon information and belief, continues to be; that she has been required to seek medical treatment, including hospitalization, in an effort to mitigate her damages, and will continue to do so; that she has expended and will continue to expend sums of money in an effort to cure herself of said injuries; that said injuries have resulted in the temporary or permanent incapacity from her usual activities, including her employment; and that these injuries are permanent in nature.

24.    That said injuries were caused wholly and solely by the carelessness, recklessness, and negligence of defendants.

25. That plaintiff in no way contributed to the aforesaid occurrence by any act of negligence on her part.

26. That the defendants are jointly and/or severally liable under CPLR § 1601.

27. By reason of the aforesaid, the Plaintiff has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, the plaintiff, ALMEDA TERRY demands judgment against the defendant for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction on this matter; together with the costs and disbursements of this action, attorneys fees and any other relief which this Court deems just.

Dated: New York, New York
December 29, 2025

ADAM D. CAHN
Sakkas, Cahn & Weiss, LLP
*Attorneys for Plaintiff*
110 East 42nd Street, Suite 1508
New York, New York 10017
(212) 571-7171

## CERTIFICATION

I hereby certify that to the best of the undersigned's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the above or the contentions therein are not frivolous as defined in subsection (e) of section 130-1.1.

Dated: December 29, 2025

ADAM D. CAHN, ESQ.

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK    )
                     : ss:
COUNTY OF NEW YORK   )

ALMEDA TERRY, being duly sworn, deposes and says:

That deponent is the plaintiff in the within action; that she has read the foregoing _Complaint_ and knows the contents thereof; that the same is true to deponent's knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, deponent believes it to be true.

_____
ALMEDA TERRY

Sworn to before me this
29 day of December, 2025

_____
Notary Public

CYNTHIA D. PACIULLO
Notary Public, State of New York
No. 01PA6057134
Qualified in Bronx County
Commission Expires 04/09/2027

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ALMEDA TERRY,

                  Plaintiff,

   -against-

SCHINDLER ELEVATOR CORPORATION,

                  Defendant.

## SUMMONS & VERIFIED COMPLAINT

*Sakkas, Cahn & Weiss, LLP*
*Attorneys for Plaintiff*
*110 E. 42nd Street, Suite 1508*
*New York, New York 10017*
*(212) 571-7171*

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**
ATTORNEY(S) SAKKAS, CAHN & WEISS, LLP
110 E. 42ND STREET NEW YORK, NY 10017 | PH: (212) 571-7171

Index Number: 166685/2025
Date Filed: 12/29/2025

**ALMEDA TERRY**

Plaintiff

vs

**SCHINDLER ELEVATOR CORPORATION**

Defendant

## AFFIRMATION OF SERVICE

**CHRISTOPHER J. KLEIN**, the undersigned, affirms and states that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **1/7/2026**, at **10:12 AM** at **c/o CT CORPORATION, 28 Liberty Street, New York, NY 10005**, Deponent served the within **Summons and Verified Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing**, with the index number and the filing date of the action were endorsed upon the face of the papers so served herein. On: **SCHINDLER ELEVATOR CORPORATION C/O CORP. COUNSEL**, Defendant therein named, ( hereinafter referred to as "subject").

By delivering to and leaving a true copy with **Joseph McCabe** said individual to be **Authorized Agent** who specifically stated he/she was **authorized to accept** service on behalf of the Corporation/Government Agency/Entity/Partnership. A perceived description of Joseph McCabe is as follows:

**Perceived Gender**: Male    **Perceived Race**: White **Color of hair:** Blonde    **Age**: 35
**Height**: 5ft9in-6ft0in    **Weight**: 161-200 Lbs.    **Other** : Glasses

I affirm on this day____January 7, 2026____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to those matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

*[signature]*

**CHRISTOPHER J. KLEIN**

Lic #    1188546
JobID    2580206

**Client's File No.:**

*INTER COUNTY JUDICIAL SERVICES, LLC, 225 BROADWAY, SUITE 440, NEW YORK, NY 10007 LICENSE # 1371771*

1 of 1